IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT E. HAWKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 08-cv-818-JPG** |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **CORRECTIONS,** *et al.*, ) | |
| ) | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**Gilbert, District Judge:**

Plaintiff, an inmate at the Centralia Correctional Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief to receive medical attention and monetary damages for his pain and suffering. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

**THE COMPLAINT**

Plaintiff contends that he did not receive adequate medical care while confined at Robinson Correction Center. Plaintiff alleges that Dr. Latin examined him upon his arrival at Robinson Correctional Center on July 31, 2008. Until this date, plaintiff had been taking "Glipizide" for his diabetes. During this examination, Plaintiff informed Dr. Latin that he "could not feel his toes or the front part of his foot." Dr. Latin changed Plaintiff's diabetes medication from Glipizide to insulin informing him that the insulin would take care of the numbness that Plaintiff was experiencing in his foot.

After starting on the insulin, Plaintiff asserts that his blood sugar remained very high and the numbness did not go away. According to the complaint and attached exhibits, Plaintiff submitted

three "sick call slips" requesting medical attention for his foot. During these sick calls, Plaintiff was examined by an unnamed nurse who determined that Plaintiff did not have to be examined by a medical doctor. Despite not being examined by Dr. Latin (or any other physician), it appears that Dr. Latin increased Plaintiff's "Galverpert [sic] pill" in response to Plaintiff's complaint that the numbness had spread to his lower leg.

On November 26, 2008, after Plaintiff filed the instant complaint, he went to the Health Care Unit regarding his foot. This time when the nurse examined his foot she said "it was really bad." Plaintiff was admitted to the health care unit and given medication for his foot.

Plaintiff's primary claim is that Dr. Latin failed to conduct adequate follow-up care with Plaintiff after changing his medication. Plaintiff's secondary claim appears to be that the unnamed nurse who examined him between July 31 and November 26, 2008, failed to let him see a medical doctor. Finally, Plaintiff appears to claim that other forms of treatment are available to relieve his symptoms and that he is being denied these other forms of treatment.

**DISCUSSION**

"Deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would

find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The allegations in the complaint support a claim that Plaintiff's diabetes and numbness in his lower legs are, objectively, serious medical needs.

The real issue is whether the Defendants acted with deliberate indifference, which is a subjective standard. *See Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002). To be deliberately indifferent, the defendants must have acted with "a sufficiently culpable state of mind." *Greeno*, 414 F.3d at 653 ( *quoting Farmer*, 511 U.S. at 834). They must know of the serious risk to the prisoner's health, i.e., the serious medical need at issue, and they must also consciously disregard that risk so as to inflict cruel and unusual punishment upon the prisoner. *Farmer*, 511 U.S. at 837-38; *Higgins v. Correctional Medical Services of Illinois, Inc*., 178 F.3d 508, 511 (7th Cir. 1999)."

Applying these standards to the allegations in the complaint, the Court finds that the complaint fails to state a claim against Dr. Latin. According to the complaint, Dr. Latin prescribed Plaintiff insulin both to control his diabetes and with the intent to rectify the numbness in his foot. When Plaintiff complained about the numbness continuing, Dr. Latin increased Plaintiff's dose of "Galverpert [sic] pill." From these allegations the Court cannot reasonably infer that Dr. Latin was consciously disregarding Plaintiff's condition. Indeed, to the contrary, these allegations suggest that Dr. Latin was not disregarding Plaintiff's condition, but responding to his complaints. That Plaintiff believes that Dr. Latin should have personally examined him - rather than use a nurse to mediate communication - amounts only to a difference in opinion about how Dr. Latin should diagnose and treat Plaintiff. Such a disagreement, however, does not rise to the level of a constitutional violation.

4

*See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment).

In addition to his claim against Dr. Latin, Plaintiff appears to bring a claim against the "medical staff" at Robinson Correctional Center. The complaint, however, alleges facts only against an unnamed nurse or, perhaps, several different unnamed nurses. The unnamed nurses are alleged to have examined Plaintiff on three occasions when he requested "sick call" and determined that Plaintiff did not have to be examined by Dr. Latin or any other medical doctor. Despite this, it is clear from the complaint that these Defendants communicated with Dr. Latin concerning Plaintiff's condition because - despite not personally examining Plaintiff after July 31, 2008 - Dr. Latin is alleged to have increased Plaintiff's "Galverpert [sic] pill" in an effort to control Plaintiff's complaint that the numbness had not subsided. Consequently, the Court cannot reasonably infer the nurses were consciously disregarding Plaintiff's medical condition. Again, Plaintiff's personal belief that he should have been personally examined by Dr. Latin (or another medical doctor) - instead of just nurses - is just a mere disagreement about how medical care is delivered to him.

**OTHER DEFENDANTS**

In his complaint, plaintiff names the Illinois Department of Corrections and Robinson Correctional Center as defendants. The Supreme Court has held, however, that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in

5

federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Therefore, the Illinois Department of Corrections and Robinson Correctional Center must be dismissed from this action.

Plaintiff lists warden Tom W. Weger and assistant warden Tylka as defendants in the caption of his complaint. However, the statement of claim does not include any allegations against these defendants. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Accordingly, these two defendants must also be dismissed from this action.

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**Dated: September 23, 2009.**

          s/ J. Phil Gilbert
          **U. S. District Judge**